IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| } | |
| v. } | Case No. 2:07-cr-00243-RDP-JEO |
| } | |
| WILLIAM MERRIWEATHER, JR., } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Before the court is the Government's Motion For Mental Examination Pursuant To Rule 12.2(c)(1)(B) By Government's Expert (Doc. #255). Counsel for Defendant William Merriweather, Jr. object to the Government's motion, and assert that Merriweather's Fifth Amendment right against compelled self-incrimination and Sixth Amendment right to be represented by counsel during questioning preclude such an examination. (Response To Government's Request For A Criminal Responsibility Examination To Be Conducted By A Government Retained Expert (Doc. #255; Doc. #264 at 1-2)). The Government responded to the defense's objection in its Reply To Defendant's Response To Government's Motion For Criminal Responsibility Assessment By Government Retained Expert (Doc. # 271). The court has considered the parties' written submissions and concludes that because Defendant has given notice of his intent to present evidence of insanity, 18 U.S.C. § 4242 (The Insanity Defense Reform Act) requires that the government have access to Merriweather to conduct a criminal responsibility examination to rebut that evidence. The court further finds that nothing in section 4242 prohibits that examination being performed by an expert of the

Government's choosing, and the court has the authority under Federal Rules of Criminal Procedure 12.2(c) and 57(b) to order such an examination. Finally, the court finds that Federal Rule of Criminal Procedure 12.2 contains sufficient protections against violations of Merriweather's Fifth and Sixth Amendment rights.

**A.     Background**

On September 30, 2013, the defense gave notice as required by Federal Rule of Criminal Procedure 12.2(a) of its intent to present an insanity defense and gave notice as required by Rule 12.2(b) that it intended to introduce expert testimony at trial relating to a mental disease or defect or mental condition. (Doc. #183). Merriweather's notice of his insanity defense put his mental condition at the time of the offense at issue, and pursuant to 18 U.S.C. § 4242, the Government requested that he submit to a psychiatric examination. (Doc. #196). The Government's motion was unopposed. On October 21, 2013, U.S. Magistrate Judge John Ott ordered that Dr. Christina Pietz, a court-appointed expert who had previously assessed Merriweather's competency at the time of the offense, reevaluate the Defendant for competency. (Doc. #198). That same day, the defense filed a Motion for Reconsideration of Judge Ott's order for Dr. Christina Pietz to update her assessment of Merriweather's competency.[1] (Doc. #199). In that motion for reconsideration, the defense withdrew its notice of intent to present evidence of incompetency at Merriweather's trial. The defense stated that it intended to rely on a defense of insanity pursuant to Rule 12.2(a) at trial.[2] (Doc. #199). Thus, while the defense initially gave notice of its intent to present an insanity defense and to introduce

---

[1] *See* Merriweather's Motion To Reconsider Order (Doc. 198) Granting Government's Request for an Additional Evaluation to Be Conducted by Dr. Christina Pietz. (Doc. #199).

[2] The defense stated that it was withdrawing its notice under Rule 12.2(b) because "the defense … has determined that notice pursuant to Rule 12.2(b) was inadvertent and that only notice pursuant to 12.2(a) was intended." (Doc. #199).

expert evidence on his mental condition at his trial, the issue before the court presently is the notice of an insanity defense under Rule 12.2(a).

A.  **The Government's Right to an Expert Evaluation to Rebut Evidence of Insanity**

Federal Rule of Criminal Procedure 12.2(a) requires the defense to give pretrial notice of its intent to present an insanity defense to allow the government to prepare a rebuttal case. The Advisory Committee Notes to Rule 12.2 explain that the rule's objective is "to give the [G]overnment time to prepare to meet the issue, which will usually require reliance upon expert testimony." Fed. R. Crim. P. 12.2, Advisory Committee Notes, 1974. When a defendant gives notice of intent to assert an insanity defense, Rule 12.2(c)(1)(B) authorizes the court, in an "appropriate" case, to order the defendant to submit to a psychiatric examination upon motion by the Government:

> (B) … the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242. If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

The United States has requested that the court authorize a government-selected expert (as opposed to a neutral court-appointed expert) to examine Merriweather pursuant to 18 U.S.C. § 4242. Merriweather acknowledges that the Government is entitled to examine him (Doc. #164 at 2), but makes several arguments why Rule 12.2(a) does not authorize the court to grant the Government's request for an expert examination in this instance. First, the defense argues that Rule 12.2(c)(1)(B) does not expressly authorize Defendant to be examined by an expert of the Government's choosing. (Doc. #164 at 2). Secondly, the defense also contends that because the court has previously appointed Dr. Christina Pietz to assess Merriweather's competency, Rule 12.2 does not expressly

3

authorize the court to appoint additional experts. Third, the defense also argues that requiring Merriweather to submit to an examination by a government expert will violate his rights against compelled self-incrimination. (Doc. #164 at 2).[3] The court addresses each of these arguments in turn.

B.  **The Court's Authority to Order the Defendant Be Examined by a Government-Selected Expert**

Given Rule 12.2(c)(1)(B)'s mandate that the court *must* order the defendant to be examined if the Government so requests when a pretrial notice of insanity is given, it follows that the court has statutory authority under 18 U.S.C. § 4242 to order the Defendant to undergo an evaluation. Merriweather argues, however, that the language in 18 U.S.C. § 4247(b) that "[e]ach examiner be designated by the court" (Doc. # 264 at 3), means that the expert who examines Merriweather must be a neutral court expert and not an expert selected by the Government. The court finds no support for such a contorted reading of the statute.

The pertinent section of 18 U.S.C. § 4247 (b) provides in relevant part that "[a] psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. …" In addition to the explicit authority under 18 U.S.C. §§ 4242 and 4247(b) to order mental examinations when the defense gives notice of an insanity defense at trial, Rule 12.2 contemplates that the court possesses supervisory authority to manage how that evaluation is conducted. Rule 12.2(a)

---

[3] The defense states in its response that "[t]he Government does not stop to acknowledge that when the Government retains an expert that said expert is an agent for, and of, the Government and that to subject Merriweather to an exam by a retained Government agent is no different than moving to allow a FBI agent or the Government's attorney to speak with Mr. Merriweather about the offenses for which he is charged." (Doc. # 264 at 2).

4

provides that the court "may, for good cause, … make other appropriate orders" to carry out the statute's mandate. This portion of Rule 12.2(a) provides both parties a meaningful opportunity to present or rebut an insanity defense, including selecting the means by which they will present that evidence. *See United States v. Taylor*, 320 F. Supp. 2d 790, 791 (N.D. Ind. 2004) (Rule 12.2's "procedures were put in place to impose the necessary safeguards to preserve Defendant's Constitutional rights while at the same time afford the Government a meaningful right of rebuttal on mental health issues."); *United States v. Harding*, 219 F.R.D. 62, 64 (S.D.N.Y. 2003) (holding that Rule 12.2(b) precluded the defendant from offering expert evidence on the issue of his capacity to form the specific intent to commit a crime unless Defendant submitted to examination by the government's chosen experts).[4] This is consistent with pertinent portions of the Advisory Committee Notes to Rule 12.2:

> The amendment leaves to the court the determination of what procedures should be used for a court-ordered examination on the defendant's mental condition....

Rule 12.2, Advisory Committee Notes, 2002 Amendments. As one court has explained, "[t]he Advisory Committee Notes to Rule 12.2(c) indicate that this statutory scheme is *not* comprehensive—rather, Congress has explicitly left it to the courts to determine what is 'an appropriate case.' " *United States v. Weston*, 36 F. Supp. 2d 7, 12 (D.D.C. 1999)

---

[4] As the Eleventh Circuit has said in a different context:

> Rule 12.2 serves both efficiency and fairness purposes in criminal trials. It implicates fairness because it alters the Government to a defendant's intention to introduce expert mental-health evidence, thereby giving the Government a chance to prepare its own mental-health evidence in rebuttal. This, in turn, implicates efficiency in the courts because the preparation of mental-health evidence frequently requires the use of expensive and time-consuming experts. Early notice and reciprocity, then motivate the Rule 12.2 requirement. *See generally* Charges Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure: Criminal* § 205 (4th ed. 2008).

*LeCroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. January 15, 2014).

5

(recognizing district court's inherent authority to grant government request to have psychiatric expert examine defendant for competency).

Federal Rule of Criminal Procedure 57(b) also invests federal district courts with the supervisory power to make appropriate orders relating to Rule 12.2.[5] In *United States v. White*, a case in which the defendant made similar arguments to Merriweather's—*i.e.*, that Rule 12.2 does not explicitly provide that the Government can select its own expert—the district held that it had inherent, supervisory authority to compel the defendant to undergo a mental examination. 21 F. Supp. 2d 1197, 1199 (E.D. Cal. 1998). The court stated in *White* that "[as] nothing in Rule 12.2 or its legislative history supplants the Court's supervisory power to order a psychiatric examination, that extant power may be utilized." 21 F. Supp. 2d at 1199. *See also United States v. Vest*, 905 F. Supp. 651, 653 (W.D. Mo. 1995) (invoking authority to employ "a similar process in Rule 12.2 for the penalty phase [] serves the dual purposes of promoting efficient and fair resolution of the issues at hand while preserving the defendants' Constitutional rights"); *United States v. Richter,* 488 F.2d 170, 173–74 (9th Cir. 1973) ("It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice").

The court notes that its inherent authority under Rule 57(b) to issue orders to manage the evaluation here is strengthened because the Government's right to conduct psychiatric evaluation is mandated by 18 U.S.C. § 4242.  To be sure, a district court has been found to be sanctioned to order non-specified relief under Rule 12.2 even in contexts where there is an absence of statutory authority. *See, e.g., United States v. Davis*,

---

[5] Fed. R. Crim. P. 57(b) provides in pertinent part: "A judge may regulate practice in any manner consistent with federal law, [the Rules of Criminal Procedure], and local rules of the district."

93 F.3d 1286, 1295 (6th Cir. 1996) (holding that the district court has the inherent authority to order a reasonable non-custodial examination of the defendant concerning her mental condition at the time of the offense even if it did not have the statutory authority to order a commitment and examination of the defendant under either Rule 12.2(c) or 18 U.S.C. §§ 4241 and 4242).

Rule 12.2's objective, as noted above, is to permit the Government to rebut evidence of insanity at trial. See *White v. United States*, 451 A.2d 848, 853 (D.C. 1982) (noting that the "most effective means of controverting" defendant's proof of insanity defense is "rebuttal testimony of other examining psychiatrists"). Requiring that the Government have access to the Defendant for a sanity evaluation but then prohibiting it from selecting its own psychiatric expert to perform the evaluation would unquestionably hamper that objective. The court finds that Rule 12.2 and 18 U.S.C. §§ 4242 and 4247(b) do not require such a counterproductive result. Where a defendant raises an insanity defense, the court has both the statutory and the inherent authority to order an evaluation of the defendant by a Government psychiatric expert of its choice.

The defense also challenges the Government's request for a different expert other than Dr. Christina Pietz. Merriweather argues that because the court appointed Dr. Pietz to evaluate Merriweather's competency, 18 U.S.C. § 4247(b) does not contemplate appointment of a second expert for the government. (Doc. #164 at 2). The court does not read the statutory language to mean that it can only appoint one expert and has found no authority to support such a limitation. To the contrary, district courts have routinely designated more than one mental health professional in competency and sanity evaluations. *See United States v. Wilkinson*, No. CIV.A. 07-12061-MLW, 2008 WL

7

427295 (D. Mass. Feb. 14, 2008) (noting that "§§ 4247(b) and 4248(b) are not intended to create a battle of experts selected by each party, or to allow the defendant to select the sole expert"); *United States v. Weston*, 36 F. Supp. 2d 7, 11 (D.D.C. 1999) ("Contrary to the defendant's claim, the case law *does* indicate that courts have ordered multiple examinations at the competency stage. Indeed, it is the exception, rather than the norm, for the court to have only one expert present testimony regarding the defendant's competency") (emphasis in original). In *Weston*, the court noted that section "4247(b) provides that "[a] psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, *or, if the court finds it appropriate, by more than one such examiner.*" (emphasis added). 36 F. Supp. 2d at 12. As the Government asserts, section 4247(b)(1)'s only limitation appears to be that the selected examiner be "a licensed or certified psychiatrist or psychologist." (Doc. #271 at 2). This is the more sound interpretation.

C.  **Defendant's Objection on Self-Incrimination Grounds**

The defense objects to Merriweather being evaluated by a government psychiatric expert on the grounds that the evaluation would be compel him to testify against himself—in violation of his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to not be questioned outside of the presence of his counsel.[6] In this case, Rule 12.2 limits the government's use of Merriweather's statements to a psychiatric expert, which alleviates concerns that the Government will be able to use the Defendant's statements as proof of guilt.

---

[6] The court notes that Federal Rule of Criminal Procedure 12.2 has been upheld against such constitutional challenges. *See U.S. v. Taylor*, 320 F. Supp. 2d 790, 792–793 (N.D. Ind. 2004) (requiring defendant to submit to government's personality tests pursuant to Rule 12.2(b) did not violate defendant's rights under the Fifth and Sixth Amendments).

Rule 12.2(c)(4) protects a defendant's Fifth Amendment rights by limiting the Government's use of statements made during a psychiatric examination at trial. Under Rule 12.2(c)(4), the Government may not use Merriweather's statements unless and until the defendant introduces evidence at trial about his mental responsibility for the crime. Given that protection, Merriweather's privilege against self-incrimination will not be infringed by allowing a government expert to examine him pursuant to Fed. R. Crim. P. 12.2(c).  See *United States v. Steinberg*, 428 F. Supp. 77 (D. Conn. 1977) (holding that "use of defendant's statement elicited at a psychiatric examination solely at a hearing to determine sanity encounters no self-incrimination objection"). Nor does the Supreme Court's landmark case on compelled self-incrimination, *Estelle v. Smith*, 451 U.S. 454 (1981), foreclose a mental health exam by a Government-retained expert. In *Estelle*, the defendant was ordered to submit to a mental health evaluation even though the defense had given no notice of its intent to introduce such mental status evidence during sentencing. *Estelle* simply does not apply here because the defense has given notice of its intent to introduce such evidence at trial. *See, e.g.*, *United States v. Beckford*, 962 F. Supp. 748 (E.D. Va. 1997) (protection provided by the Fifth and Sixth Amendments ceases when a defendant indicates that he intends to introduce mental health evidence in the penalty phase of a capital case and defendant made that decision upon advice of counsel). Because Merriweather has given notice of his intent to pursue an insanity defense, he can be required to submit to a psychiatric examination because "his silence may deprive the [Government] of the only effective means it has of controverting his proof on an issue that he interjected into the case." *Estelle*, 451 U.S. at 465; *United States v. Taylor*, 320 F. Supp. 2d 790, 792 (N.D. Ind. 2004) (finding that defendant's rights

were not infringed by directing him to submit to a mental health exam conducted by the Government's expert since Defendant intended to introduce mental health evidence during the penalty phase); *Vest*, 905 F. Supp. at 653 (statutory provision in 21 U.S.C. § 848(j) allowing the government to rebut defendant's penalty phase mitigating evidence "is rendered meaningless" "unless a government-selected mental health expert is permitted to examine [the] defendant").

The court is mindful of the special considerations this case presents because the Government is seeking the death penalty. Rule 12.2(c), however, estops defendants from placing the issue of criminal responsibility at issue through expert testimony and then "depriv[ing] the government of a like examination." *United States v. Harding*, 219 F.R.D. 62, 63 (S.D.N.Y. 2003) ("Rule 12.2 implicitly recognizes that fairness virtually requires that the government have an opportunity to have the defendant examined by appropriate experts in order that it may prepare properly for trial."). The Supreme Court has recently reaffirmed a long-standing principle that anchors Rule 12.2(c) - "where a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit an offense, the prosecution may present psychiatric evidence in rebuttal." *Kansas v. Cheever*, 134 S.Ct. 596, 601 (2013) (concluding that prosecution could introduce evidence from defendant's federal court-ordered mental evaluation to rebut defendant's expert testimony in state court prosecution and citing *Buchanan v. Kentucky*, 483 U.S. 402, 422 (1987)). This longstanding precedent and Rule 12.2 support the finding that allowing a government expert to evaluate Merriweather's sanity does not violate his Fifth or Sixth Amendment rights.

Therefore, the Government's Motion For Mental Examination Pursuant To Rule 12.2(c)(1)(B) By Government's Expert (Doc. #255) is due to be granted. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this February 18, 2014.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE